FLEMING, Judge Pro Tern.
This appeal arises as a result of an automobile accident that occurred on December 4, 1971. Mr. Sandrock was driving his automobile in a westerly direction on Vet *210 erans Memorial Highway in Jefferson Parish with his wife as a passenger on the right front seat. He was barely moving when his car was struck in the rear by a vehicle driven by M. J. Ayo at about 35 miles per hour.
Mr. and Mrs. Sandrock were injured as a result of this accident and sued Mr. Ayo and his insurer. The negligence of Mr. Ayo is admitted; the only issue on this appeal is appellants’ contention that the quantum awarded for pain and suffering is excessive. The trial court awarded stipulated medical expenses in the amount of $360.41, general damages for pain and suffering to Mr. and Mrs. Sandrock in the amount of $2500.00 each, an expert witness fee of Dr. Paul F. Naccari, Jr., in the amount of $100.00, plus legal interest and costs.
Mr. Sandrock was in no immediate pain but had difficulty on arising the next morning. He had pain in the neck and the back of the head. He saw Dr. Naccari, the family physician, on December 6, 1971 when X-rays were taken. His malady was diagnosed as an acute cervical sprain and his treatment consisted of heat applications, rest, muscle relaxants and diathermy. He visited the doctor on December 6, 11, 13, 15, 17, 20, 22 and 27, on January 5 and 11 and was discharged on February 5. He returned on February 29 because of neck pain. That was his last visit for treatment from this accident although occasionally he experiences neck pain on a weather change. During the treatments he suffered neck and muscle pains.
Mrs. Sandrock suffered bruises to her chest, breast, and had pain in her neck and shoulders. The pain commenced the day following the accident and continued until at least March of 1972. The pain spread to her back, chest and shoulders. She was treated by Dr. Naccari on December 6, 11, 13, 15, 16, 20, 22, 27 and on January 11. She was discharged on March 2, 1972.
Dr. Naccari testifed and confirmed the physical damages sustained by the plaintiffs. The plaintiffs suffered what lawyers and laymen refer to as a whiplash injury. The district and appellate courts have had many occasions to consider the quantum that should be awarded in these cases. Each award must be determined by the facts of each case.
We have examined the transcript of testimony in this case and the reasons given by the district judge for his award. Civil Code article 1934 shows that on the assessment of damages under this rule, as well as in cases of offenses, quasi offenses, and quasi contracts, much discretion must be left to the trial judge or jury. The trial court did not abuse this discretion in awarding the plaintiffs $2,500.00 each for their pain and suffering.
The judgment of the district court is affirmed. Costs of this proceeding to be borne by plaintiffs-appellees.
Affirmed.