BOUTALL, Judge.
This is a suit by the parents of a minor child for damages arising out of the death of their son in a pedestrian-truck accident. The trial court rendered judgment in favor of both plaintiffs, and two defendants have appealed. Plaintiffs have answered the appeal seeking an increase in the amount of damages awarded.
The accident occurred in the City of Kenner on Third Street at its intersection with Worth Street. In this area, Third Street forms an extension of the Jefferson Highway, and is sometimes referred to as Jefferson Highway in the testimony.
Third Street consists of two lanes of pavement for opposing traffic, with a shelled shoulder on each side, approximately the width of another traffic lane. Worth Street is a two lane street carrying opposing traffic. The speed limit on Third Street is thirty miles per hour, and is marked by signs on both sides of the area in question.
At the time of the accident, young. Ernest Jackson was twelve years and ten months old, and had been a passenger on a public bus proceeding north on Third Street. Ernest was discharged on the corner of Third and Worth Streets and remained on the corner until the bus had pulled off. There was another vehicle following the bus, and after that vehicle passed, he began to cross Third Street. He did not make it completely across and was struck as he was stepping off the paved portion on the opposite side of the street, having one foot on the pavement and one foot on the shelled shoulder.
The vehicle which struck Ernest was a dump truck being driven by Henry D. Jones and owned by John E. La Salle, insured by Employers Insurance Company of Wausau. This truck was proceeding on Third Street in a southerly direction at a high rate of speed in excess of the 30 mile an hour speed limit. Estimates in the evidence range as high as 55 miles per hour. The right- hand front bumper and fender struck the youth inflicting the injuries which caused his death several hours later.
The trial judge found that the sole and proximate cause of the accident was the negligence of the driver of the dump truck in traveling at an excessive rate of speed, failing to keep his vehicle under control and failing to keep a proper lookout ahead. Based upon this he rendered judgment against the employer of the driver,’ La Salle, and his insurer in solido. No judgment was rendered against the driver, Jones, apparently because he had never been served with citation, although he was a named party defendant in the suit. We affirm the judgment of the trial court.
There are three main witnesses to the facts of the collision. These are the driver of the vehicle following the bus, the driver of another vehicle which was on Worth Street and stopped at the intersection of Third awaiting clearance of the intersection, and the investigating police officer from the City of Kenner. A fair appraisal of the testimony offered convinces us that the truck driver was speeding well in excess of the posted speed limit. Additionally, the evidence discloses that, contrary to the theory argued to us by defendants, the bus had pulled well away from the bus stop, and its presence was not a factor in screening the crossing youth from the approaching motorist. In fact, as we view the testimony, it appears that the truck driver had ample time to observe the youth crossing the road. The evidence sustains the conclusions of the trial judge, and we agree.
The defendants urge to us that the youth was contributorily negligent by virtue of his darting into the street in front of the truck, such that the driver could not stop the vehicle in time. The evidence simply does not sustain such an argument, and the defendants have failed to carry the burden *434 of proof imposed upon them in establishing this affirmative defense of contributory negligence. In this regard, it might be noted that the truck driver, although he was subpoenaed and took the stand as an adverse witness called by plaintiffs for cross-examination, took refuge behind his constitutional right against self-incrimination, and refused to testify as to any of the facts in this case. This ruling was sustained by the trial court. We need not concern ourselves with this factor in our consideration of plaintiffs’ burden of proof, because we conclude his proof sufficient without considering this matter. We call attention to it at this time only because the evidence presented by plaintiffs and defendants does not demonstrate contributory negligence, and this witness was in the best position for testifying as to the relative positions of the young boy and the dump truck during the course of the events. Finding no contributory negligence, we affirm the judgment of liability of the two defendant-appellants.
In awarding judgment, the trial judge awarded the sum of $1,276.35 as special damages, and further awarded the sum of $12,500.00 to each parent, representing both the loss of the child as well as the child’s pain and suffering for the final hours of his life. There is no issue as to the special damages raised, there is only an issue as to the sufficiency of the general damage award.'
Young Jackson was 12 years and 10 months old, and was the only son of his parents, although they had eight other children. Because he was their only son, his father and mother felt closer to him than any of the other children, and had great hopes for his future. The family group was a close, religious association, apparently due to the fact that the elder Jackson was assistant Pastor at a local church.
Young Jackson did not die instantaneously. The truck knocked him a distance of forty-three feet and inflicted massive injuries to his body. His injuries may be briefly described as a fracture of the skull with massive subdural hemorrhage of the brain, contusions and pulmonary edema of right lung, laceration of the spleen with hemoperitoneum, lacerations of scalp and left elbow, multiple abrasions of the body. He lived for approximately four hours after the accident and during this time suffered considerable pain. As testified to by his father, he couldn’t speak, he was breathing hard and fighting for his breath and it looked like he was trying to react but couldn’t.
We are well aware of the rule that in assessing damages much discretion must be left to the judge whose assessment should not be disturbed unless the appellate examination of the facts reveals a clear abuse of the discretion vested in the lower court. Indeed we are frequently reminded of it. However, there must be some reasonable relativity among wrongful death awards to parents, and we conclude that an award of $12,500.00 each in this case is manifestly insufficient. See Womax v. Earl Gibbon Transport, Inc., 226 So.2d 573 (La.App. 4th Cir.1969). See also Wright v. Romano, 279 So.2d 735 (La.App. 1st Cir.1973) and the cases cited therein. Considering all the circumstances in this case, we are of the opinion that the award for general damages should be increased to the sum of $25,000 for each parent.
For the reasons discussed hereinabove, we are of the opinion that the judgment appealed from should be amended to increase the award in favor of plaintiff, Doris M. Gaines Jackson to the sum of $25,000 and in favor of Ernest Jackson to the sum of $26,276.35, both with legal interest from date of judicial demand until paid, against the defendants, John E. La Salle and Employers Insurance Company of Wausau, jointly and in solido, and as thus amended, the judgment is affirmed. Appellants to pay all costs of these proceedings.
Amended and affirmed.