BLANCHE, Judge:
This appeal involves two cases arising from a single automobile-motorcycle collision, the cases consolidated for both trial and appeal.
Appeal No. 10,071 involves a suit filed by Thomas A. Ward, Sr., individually and *72 on behalf of his minor son, Don Loren Ward, against Mrs. Nancy C. Roger[1] and her insurer, Southern Farm Bureau Casualty Insurance Company, and Wilbert Dhuet, Sr., the father and administrator of the estate of his minor child, Wilbert Dhuet, Jr. Southern Farm answered the suit and filed a third party demand against Dhuet.
Appeal No. 10,070 involves a suit filed by Wilbert Dhuet, Sr., individually and on behalf of his minor son, Wilbert Dhuet, Jr., and against Mrs. Roger and her insurer, Southern Farm. The defendants answered pleading contributory negligence of both Dhuets as a bar to recovery.
Mrs. Roger and Southern Farm appealed from an adverse judgment of the 32nd Judicial District Court awarding plaintiff-ap-pellee in Appeal No. 10,070. Wilbert Dhuet, Sr., individually and as administrator of the estate of his minor son, Wilbert Dhuet, Jr., the stipulated sum of $5,000.00, together with legal interest from date of judicial demand until paid and for all costs, and in Appeal No. 10,071 appellants appeal the award of $4,000.00 to Thomas A. Ward, Sr., individually and as administrator of the estate of the minor, Don Loren Ward, and the award of $750.40 to Thomas A. Ward, Sr., individually, for medical and hospital expenses, both together with legal interest from date of judicial demand and for all costs.
The accident occurred on June 12, 1970, on the Bayou Blue Road, which runs generally north and south in the Parish of Terrebonne, at about 5:00 P. M. on a clear day. Wilbert Dhuet, Jr., then 14 years of age, was driving a Yamaha motorcycle in a southerly direction on Bayou Blue Road, with Don Loren Ward, then almost 13 years of age, as a passenger seated behind him. Traveling in the same direction immediately behind the motorcycle was Nancy Roger in a 1955 Chevrolet automobile. Just south of the Ward home, and in front of Breaux’s Store, the car and motorcycle collided. Dhuet, Jr., and Don Ward were both injured.
The principal issue in the case centers around the factual determination of the trial judge as to how the accident occurred. Plaintiffs contend Nancy C. Roger struck the motorcycle when she prematurely returned to the right (southbound) lane after attempting to pass. Defendants contend that the motorcycle, without warning, attempted a left turn into Breaux’s Store driveway during Mrs. Roger’s attempt to pass. There were no eye witnesses to the accident independent of those who were involved therein. The youths denied they attempted to turn into the store driveway as they had planned to go to one Voclaine’s house, which was located further south of the store, where model airplanes were allegedly being flown.
The trial court found there was no indication whatever that the impact occurred in the northbound lane of the road as was contended by defendants. Even Mrs. Roussel testified that the motorcycle was nearer the right shoulder of the road than the center line as she made her passing attempt. Mr. Breaux, the owner of the store adjacent to the accident site testified that there were scuff or push marks on the road surface in the vicinity in the approximate area of impact. The State Trooper who investigated the accident acknowledged that even though he placed the point of impact in the northbound lane that there were some “scratch marks” in the southbound lane, though he had not mentioned that fact in his report. In fact, he even admitted the accident could have happened in the southbound lane just as easily as the northbound but that he was required to determine a point of impact for his report. Also he opined that judging from the damage to the vehicles, the accident could have just as easily occurred in the right lane of traffic.
*73 In placing the point of impact, he admitted he had no physical evidence to guide him.
Young Ward’s mother and brother testified that when the motorcycle passed their home a few seconds immediately prior to the accident it was close to the shoulder of the road in the southbound lane. The trial judge also noted that Mrs. Roger testified she had just received word that her sister was threatening a miscarriage and was on her way to aid her when the accident occurred. He also opined that her concern over her sister may well have made her less attentive than usual to traffic and her driving.
Defendant-appellant argues the trial judge erred in not giving any credence to the testimony of the investigating officer who was the only independent witness to testify. The officer testified that when he questioned young Dhuet at the hospital a short time after the accident, he told him he was turning left into the driveway of Breaux’s Grocery Store. In his Reasons for Judgment the trial judge noted that Dhuet, Jr., denied making the statement even though he admitted talking to the trooper at the hospital. He also noted that under vigorous cross-examination Dhuet did not remember what he told the trooper. The trial judge felt that if Breaux’s Store was mentioned by the Dhuet boy, it was in another context, as the boys had been in the store earlier that same day. Dhuet contends he never told the trooper he was turning into Breaux’s Store and maintained throughout his testimony that he was in the right lane close to the shoulder of the road. His testimony is corroborated by the passenger, Don Ward.
The trial judge obviously did not place any reliance on the trooper’s testimony, as he observed that his testimony did little to resolve the conflict apparent in the testimony of the other witnesses. After noting there was physical evidence from which it could be concluded that the accident occurred in the lane of travel in which the motorbike was traveling and not in the northbound lane in which Mrs. Roussel was attempting to pass, the trial judge stated:
“From our appreciation of all the evidence made available to us, we have concluded that plaintiff’s version of the accident is the correct one * * * that defendant attempted to pass plaintiff and cut back into the right lane before clearing the motorcycle, and in the process, collided with it.”
Continuing, he found the accident was caused solely by the negligence of Mrs. Roussel.
LSA-R.S. 32:73(1)[2] provides that an overtaking vehicle shall not again drive to the right side of the roadway until safely clear of the overtaken vehicle. The term “vehicle” as used in Title 32 of the Louisiana Revised Statutes encompasses the motorcycle driven by young Dhuet.[3]
In the absence of manifest error the finding of the trial judge that Nancy Roger failed to comply with LSA-R.S. 32:73(1) is a factual finding which we are unable to reverse. He saw and heard the witnesses and accepted the plaintiff’s version of the accident. Additionally, he found that the accident occurred in his lane of traffic to corroborate his finding that Nancy Roger cut back into her right *74 lane before clearing the motorcycle. We are of the opinion that the conclusion reached by the trial judge is amply supported by the testimony as well as other evidentiary circumstances and will not be disturbed.
Appellant does not contest the award in favor of Dhuet, Jr., as it was stipulated that he should receive $5,000.00 for his injuries in the event of judgment in his favor. The award to Don Ward is contested as being excessive. According to appellant, young Ward suffered a minimal injury, the effects of which were completely resolved three months after the accident. Don Ward sustained a severe comminuted fracture with dislocation of the distal left tibia and fibula requiring reduction, a fracture of the left proximal tibia and fibula, lacerations of the left leg and left elbow, and was in severe pain. The fact that young Ward spent nine days in the Terre-bonne General Hospital is evidence of the severity of the injuries. After being released from the hospital, his leg was in a cast for approximately nine weeks and he remained on crutches an additional two weeks. His ability to play sports has been hampered and he testified that the leg bothers him occasionally. In the assessment of damages, much discretion is vested in the trial judge and his determination should be permitted to stand on appeal unless the amount awarded is so excessive or inadequate as to constitute an abuse of such discretion. Squyres v. Phillips, 285 So.2d 337 (La.App. 3rd Cir. 1973). See, also, Sandrock v. Ayo, 287 So.2d 209 (La. App. 4th Cir. 1973) and Jackson v. Jones, 288 So.2d 432 (La.App. 4th Cir. 1974).
For the reasons assigned, judgment in Suit No. 10,070 in favor of plaintiff Wilbert Dhuet, Sr., individually, and as administrator of the estate of the minor, Wilbert Dhuet, Jr., against the defendant, Southern Farm Bureau Casualty Insurance Company, and Mrs. Nancy Roger Roussel, in the amount stipulated, namely, $5,000.00, together with legal interest from date of judicial demand until paid, and all costs, is affirmed.
In Suit No. 10,071 the award of $4,000.-00 to Thomas A. Ward, as administrator of the estate of his minor son, Don Loren Ward, and $750.00 to Thomas A. Ward, individually, for medical and hospital expenses, together with legal interest from judicial demand, and for all costs, against the defendants, Southern Farm Bureau Casualty Insurance Company and Mrs. Nancy Roger Roussel, is affirmed.
Affirmed.

. After the accident occurred and the petition was drawn, but before trial, Mrs. Nancy C. Roger married and her name is now Mrs. Roussel.

. LSA-R.S. 32:73(1) in part provides:
(1) Except when overtaking and passing on the right is permitted, the driver of a vehicle overtaking another vehicle' jiroceeding in the same direction shall pass to the left thereof at a safe distance, and shall not again drive to the right side of the roadway until safely clear of the overtaken vehicle.

. LSA R.S. 32:1(65), in part provides:
“Vehicle” means every device by which persons or things may be transported upon a public highway or bridge, excepting devices moved by human power or used exclusively upon stationary rails or tracks.