BEER, Judge.
Roy Brown, plaintiff-appellant, sued defendant-appellees, Calvin and Marguerite Yokum, a married couple, for injuries to his left shoulder sustained on November 7, 1970 as a result of his being attacked and bitten by a dog allegedly owned and/or harbored jointly by Mr. and Mrs. Yokum. From a judgment in favor of Brown against Calvin Yokum individually, plain-ti ff-appellant appeals seeking imposition of liability against Marguerite Yokum as joint or actual owner and/or “harborer” of the dog. He also seeks an increase in the trial court’s award of $1,247.25. We affirm in all respects.
Mr. Brown is a sixty-four year old self-employed painter who was attacked and wrestled to the ground by “Smokey” the dog whose ownership is at issue here. The trial court found that “Smokey” was owned solely by Calvin Yokum, concluding that the gift of the animal by his stepdaughter was “primarily to him.” Nevertheless, appellant vigorously contends that Mrs. Yokum is liable as the harborer of the animal since the dog was used principally as a watch dog for the house and barroom that was Mrs. Yokum’s separate property.
Article 2321 of the Civil Code reads in pertinent part:
“The owner of an animal is answerable for the damage he has caused . . . .”
(Emphasis ours.)
We construe the Article’s import to be primarily directed towards the owner of an animal which causes damage to another’s person or property. We therefore agree with the trial court’s conclusion that the theory of Mrs. Yokum’s liability as harbor-er of “Smokey” as espoused by appellant is no more than a “secondary means of accountability” insofar as this case is concerned. Here, resolution of the ownership issue by the trial judge grants a basis of relief to appellant.
*876 This is not a case in which ownership of an animal is indeterminable nor one in which a person other than the known owner actually has sole possession and control of an animal that causes damage. Here, Mr. Yokum was primarily responsible for the dog in his capacity as its owner. Although Mrs. Yokum permitted its owner, Mr. Yokum, to keep the dog on her separate property, she did so because of the fact of her marriage to Mr. Yokum. In these circumstances, such care as she may have rendered to the dog is not sufficient to set up any sort of alternative basis for separate recovery against her. Her day-to-day care of the animal could only become dispositive in the absence of proof of its actual ownership or alternatively, if the record contained affirmative proof that she was in sole and absolute control because of some previous arrangement with the actual owner.
Mr. Yokum not only owned the dog and was' head and master of the community, but simply allowed the dog to be used as a watch dog on the separate property of his wife where he, in fact, also resided.
Appellant urges that the trial court’s award was manifestly erroneous in light of the extent of injuries he sustained and seeks an increase in damages. He contends that his injury prevented him from working for approximately three to four months causing substantial loss of income. At trial he contended that his average weekly income was $160 per week, however tax returns filed for 1970 and 1971 revealed yearly incomes of only $2,000 and $1,710 respectively.
Plaintiff-appellant made one emergency visit to Mercy Hospital and five subsequent visits to Dr. Henry J. Braden, his private physician. Treatment primarily consisted of washing of the wound with peroxide and bandaging same.
The trial judge awarded $1,000 for pain and suffering, reimbursement for all medical bills incurred in treating the wound, and $200 for lost wages. He additionally reimbursed plaintiff-appellant for the cost of replacing his torn shirt.
Much discretion is vested in the trial judge and his determination should be permitted to stand on appeal unless the amount awarded is so excessive or inadequate as to constitute an abuse of his discretion. Ward v. Southern Farm Bureau Ins. Co., 306 So.2d 71 (La.App. 1st Cir. 1975). Upon review of the record, we find no such abuse.
The judgment of the district court is affirmed at appellant’s cost.

Affirmed.